648 So.2d 761 (1994)
In re COURT DIVISIONS.
Adm. Order 94-2.
District Court of Appeal of Florida, First District.
October 3, 1994.

ADMINISTRATIVE ORDER
BY ORDER OF THE COURT:
Pursuant to section 43.30, Florida Statutes (1993), and the affirmative vote of a majority of the judges of the court, the following rule is adopted to create two autonomous divisions of the court. These divisions will remain in effect for a minimum of 2 1/2 years and will be structured and function in the following manner:
1. Two divisions of the court known as the "General Division" and the "Administrative Division" are hereby established within the court, effective January 1, 1995. All cases and matters not assigned to the Administrative Division as herein provided will be assigned to the General Division. Each division will consider and determine assigned cases and matters, and each division will be autonomous in respect to those cases and matters unless the court elects to consider the matter en banc as provided herein.
2. All matters arising out of or proceeding under the following provisions of Florida Statutes (1993) will be assigned to the Administrative Division:
(a) Chapter 120 (the Florida Administrative Procedure Act)
(b) Chapter 440 (the Florida Workers' Compensation Act)
(c) Section 24.110 (All civil or administrative actions against the Lottery Department)
(d) Section 39.074 (Decisions of Governor and Cabinet regarding siting of juvenile facilities)
(e) Section 72.011 (Actions by taxpayers, resident and non-resident, challenging tax assessments)
(f) Section 99.097(5) (Action to contest verification of ballot petition by Department of State if more than one county is involved)
(g) Section 102.1685 (Action to contest nomination or election or results thereof when more than one county is involved)
(h) Section 163.01(7) (Actions to validate bonds under the Florida Interlocal Co-operation Act)
(i) Section 193.1145(2) (Actions against the Department of Revenue to contest the disapproval of any or all parts of an assessment roll)

*762 (j) Section 194.181(5) (Constitutional challenges to tax assessments)
(k) Section 195.092(2) (Suit by property appraiser or taxing authority to contest validity of any rule, regulation, directive, or determination of any agency of the state disapproving any or all of an assessment roll or determination of assessment levels)
(l) Section 255.518(4) (Actions to validate obligations of the Division of Bond Finance and the Division of Facilities Management)
(m) Section 350.158 (All decisions of the Public Service Commission except those specifically designated for review by the Supreme Court)
(n) Section 420.509(4) (Actions to validate revenue bonds regarding land management)
(o) Section 527.16(2) (Action to compel testimony pursuant to subpoena relating to Department of Insurance investigative authority)
(p) Section 602.065(14) (Appeals involving citrus canker claims)
(q) Section 624.310(5) (Actions to enforce administrative fines imposed under the Florida Insurance Code against foreign insurers and persons not residing in the state)
(r) Section 624.321(2) (Action to compel testimony pursuant to subpoena relating to Department of Insurance investigative authority)
(s) Section 626.8463(3) (Action to compel testimony pursuant to subpoena relating to Department of Insurance investigative authority)
(t) Section 628.802(1) (Action by Department of Insurance to enjoin insurer, director, officer, employee, or agent of an insurer for violating insurance law holding company provisions)
(u) Section 629.401(18) (Action to compel testimony pursuant to subpoena relating to insurance examiner's investigation authority)
(v) Section 631.021 (Delinquency proceedings against a domestic, foreign, or alien insurer)
(w) Section 631.371 (Alternative seizure order provision involving Department of Insurance)
(x) Section 766.314(6) (Actions to compel collection of assessments pursuant to Florida Birth Related Neurological Injury Compensation Plan)
(y) Section 944.095(12) (Decisions of Governor and Cabinet relating to siting of correctional facilities of the Department of Corrections)
3. Original proceedings pursuant to Article V, Section 4(b)(3), of the Florida Constitution, and rule 9.100, Florida Rules of Appellate Procedure, that arise out of or involve the above described matters to be assigned to the Administrative Division will likewise be assigned to that division for consideration and disposition. All other original proceedings will be assigned to the General Division.
4. The Administrative Division will be staffed by five active judges of the court assigned by the chief judge. The General Division will be staffed by the remaining ten active judges of the court. To establish a two-year term for service in the Administrative Division, with one judge rotating every four months, the initial assignments of judges to the Administrative Division will vary between 16 months and 36 months. Thereafter, each of the judges assigned to the Administrative Division will sit for a term of two years, and one judge will rotate out of that division to the General Division every four months. Assignments to the Divisions will be by administrative order entered by the chief judge. The chief judge may temporarily assign an active judge from one division to the other if necessary for a division to efficiently and timely process assigned matters. Senior or associate judges ordered to serve with the court may be assigned by the chief judge to serve with either division as needed.
5. The chief judge is responsible for assignment of all cases and assignment of judges to panels in both divisions. The chief judge's central staff attorneys will continue to provide support to the chief judge and panels in both divisions regarding motions, original writ proceedings, and designated *763 types of cases. The chief judge will initially consider all motions and original writs for assignment and disposition. Each division will have a writs and motions panel that will consider and determine cases and matters assigned to such panels by the chief judge.
6. The chief judge will be assigned to one division and will appoint an administrative judge for the other division. The administrative judge will serve a term of not less than one year and be responsible for handling administrative matters in that division as delegated by the chief judge.
7. Each division may elect to sit en banc on matters assigned to that division in accordance with rule 9.331, Florida Rules of Appellate Procedure. The entire court may sit en banc on any matter upon a vote of three fifths of the regular active judges of the court. The chief judge will preside at all en banc proceedings; however, the chief judge will have a vote only in respect to en banc matters determined by the division to which the chief judge is assigned or matters being considered en banc by the entire court.